# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PALANI KARUPAIYAN,** *et al.* | : | **CIVIL ACTION** |
| *Plaintiffs, pro se* | : | |
| | : | **NO. 22-3083** |
| **v.** | : | |
| | : | |
| **ARNAUD VAISSIE,** *et al.* | : | |
| *Defendants* | : | |

## ORDER

**AND NOW**, this 31ˢᵗ day of January 2023, upon consideration of the *motion to dismiss the amended complaint* filed by Defendants International SOS, Arnaud Vaissie, Dessi Nikolova, and Gregory Harris (collectively, "Moving Defendants"), [ECF 30], Plaintiffs' response in opposition, [ECF 31], and the allegations in the amended complaint, [ECF 24], it is hereby **ORDERED** that the motion to dismiss is **GRANTED**.[1]  Accordingly, this matter is **DISMISSED**, with prejudice, as to Moving Defendants.

---

[1]  In his amended complaint, Plaintiff Palani Karupaiyan ("Plaintiff"), proceeding *pro se* on his own behalf and purportedly on behalf of his children, asserts various claims against Moving Defendants premised on their alleged unlawful termination of his employment contract and their subsequent decision to not hire him for another position allegedly because of his race, ethnicity, national origin, and disability, in violation of various federal and state statutes. (Am. Compl., ECF 24, at ¶ 2).

Moving Defendants filed the instant motion to dismiss and argue that the doctrine of *res judicata* bars Plaintiff's claims against them.  When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (quotations and citations omitted).

As noted, Moving Defendants move to dismiss Plaintiff's claims of unlawful termination of employment as barred by the doctrine of *res judicata*.  Specifically, Moving Defendants argue that because Plaintiff previously brought identical claims against Moving Defendants in this Court that were fully adjudicated on the merits in Moving Defendants' favor by the Honorable Petrese B. Tucker, in the matter styled *Karupaiyan v. International SOS, et al.*, Civil Action No. 19-2259 (the "Prior Action"), Plaintiff's amended complaint here should be dismissed.  Notably, Judge Tucker dismissed the Prior Action "with prejudice," and the United States Court of Appeals for the Third Circuit (the "Third Circuit") affirmed the

dismissal. *See Karupaiyan v. Int'l SOS*, 2021 WL 6102077 (3d Cir. Dec. 22, 2021). For the reasons set forth herein, this Court agrees with Moving Defendants.

The doctrine of *res judicata*, or claim preclusion, "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 (1979). For the doctrine of *res judicata* to apply, the following requirements must be met, *to wit*: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991).

In evaluating whether these elements are met, this Court must "focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit. In so doing, we avoid piecemeal litigation and conserve judicial resources." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (internal quotation marks and brackets omitted). In *Blunt*, the Third Circuit explained:

> [W]e take a broad view of what constitutes the same cause of action and that *res judicata* generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims. In analyzing essential similarity, we consider several factors: (1) whether the acts complained of and the demand for relief are the same . . . ; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same . . . ; and (4) whether the material facts alleged are the same. It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions.

*Id.* (internal citations and quotations omitted); *see also Elkadrawy v. Vanguard Grp.*, 584 F.3d 169, 173 (3d Cir. 2009) ("This analysis does not depend on the specific legal theory invoked, but rather [on] the essential similarity of the underlying events giving rise to the various legal claims.") (internal quotation marks omitted). "The doctrine of *res judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). With respect to privity between defendants, claim preclusion is applied whenever "there is a close or significant relationship between successive defendants." *Lubrizol*, 929 F.2d at 966.

Here, Plaintiff and Moving Defendants (with the exception of Defendant Arnaud Vaissie) were all parties to the Prior Action. As the alleged CEO of Defendant International SOS (named as a defendant in this action *and* the Prior Action), Defendant Vaissie has a "close or significant relationship" to a previously named defendant such that he is in privity for preclusion purposes. *Salerno v. Corzine*, 449 F. App'x 118, 122–23 (3d Cir. 2011) (finding privity between employer and employees). Plaintiff's claims against Moving Defendants in this case are also the same and/or premised on the same underlying allegations and theories as those he asserted in the Prior Action. Indeed, in the second amended complaint filed in the Prior Action, Plaintiff alleged:

> This suit arises from Defendant's decision to refuse[] to hire fulltime job and/or refused hire contract job and/or terminate Plaintiff because of his Race, Color, National of Origin, (Language), retaliation, Age, Disability, genetic information, US Citizenship in violation of [various federal statutes]."

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

(Sec. Am. Compl., Civil Action No. 19-2259, ECF 56, at ¶ 1). In the amended complaint underlying this action, Plaintiff makes the same allegations:

> This suit arises from Defendant's decision to refuse[] to hire fulltime job and/or refused hire contract job and/or terminate Plaintiff because of his Race, Color, National of Origin, (Language), retaliation, Age, Disability, genetic information, US Citizenship in violation of Under Laws."

(Am. Compl., ECF 24, at ¶ 2). As such, the second and third elements for application of *res judicata* are clearly met.

Plaintiff contends, however, that the judgment in the Prior Action was not "on the merits" because it was premised on pleading deficiencies under Rules 8 and 10 and on his failure to comply with Court Orders under *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). While Plaintiff is correct as to the bases of the prior dismissal, he is incorrect as to the preclusive effect of such dismissals. Though not squarely determined by the Third Circuit, district courts in this Circuit have held that dismissal of a plaintiff's claims with prejudice for failure to comply with federal court orders operates as an adjudication on the merits for preclusion purposes. *See, e.g.*, *Jackson v. Dow Chem. Co.*, 902 F. Supp. 2d 658, 668–69 (E.D. Pa. 2012); *Nwani v. Molly*, 2018 WL 2461987, at *6 (E.D. Pa. May 31, 2018) (citing and following *Jackson*). This approach is also the uniform view taken by other federal courts. *See Dillard v. Sec. Pac. Brokers, Inc.*, 835 F.2d 607, 608 (5th Cir. 1988) (affirming application of claim preclusion to earlier federal judgment entered as a sanction for failure to comply with court order); *United States v. $149,345 U.S. Currency*, 747 F.2d 1278, 1280 (9th Cir. 1984) (same); *see also* 18A Charles A. Wright *et al.*, *Federal Practice and Procedure* § 4440 n.1 (3d ed.) (collecting cases). Though in *dicta*, the United States Supreme Court indicated its agreement. *See Costello v. United States*, 365 U.S. 265, 286 (1961) (stating that dismissal for reasons enumerated in Rule 41(b), including "failure . . . to comply with an order of the Court," would normally "bar a subsequent action"). Further, the Third Circuit has recognized that dismissal as a sanction for failure to obey a court order would give rise to preclusion under Pennsylvania law. *McCarter v. Mitcham*, 883 F.2d 196, 199–200 (3d Cir. 1989). In light of this caselaw, this Court agrees that a dismissal with prejudice premised on a plaintiff's failure to comply with court orders operates as a decision on the merits for preclusion purposes.

Here, Judge Tucker dismissed the Prior Action, with prejudice, on account of Plaintiff's failure to comply with prior orders. Specifically, she concluded that Plaintiff's second amended complaint was filed after the deadline set in an Order dismissing Plaintiff's previous complaint. After conducting the requisite *Poulis* analysis, which included consideration of the merits of Plaintiff's claims, Judge Tucker dismissed the second amended complaint with prejudice. Judge Tucker's dismissal with prejudice was affirmed on appeal by the Third Circuit. *See Karupaiyan*, 2021 WL 6102077 (3d Cir. Dec. 22, 2021). Under these circumstances, and based on the caselaw cited above, this Court finds that the dismissal of the Prior Action with prejudice for failure to comply with court orders constitutes a decision on the merits for preclusion purposes. As such, Plaintiff's claims against Moving Defendants are precluded by the doctrine of *res judicata*.